1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SONNY RAY HARDAWAY,

11            Plaintiff,                    No. CIV S-06-0451 MCE GGH P

12        vs.

13   D.L. RUNNELS, et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20            Plaintiff initially failed to submit the requisite in forma pauperis affidavit to

21   proceed without prepayment of fees.  By order filed on March 23, 2006, the court ordered

22   plaintiff to either pay the fee or file the affidavit in support of his request to proceed in forma

23   pauperis within thirty days.  When plaintiff failed to respond, the court issued Findings and

24   Recommendations, on June 30, 2006, recommending dismissal of this action.  Within the

25   objection period, plaintiff filed adequate documentation that makes the showing required by 28

26   /////

1

1  U.S.C. § 1915(a).  The court will, therefore, vacate its Findings and Recommendations, grant the

2  request to proceed in forma pauperis, and proceed to screen the complaint.

3       Plaintiff is required to pay the statutory filing fee of $250.00[1] for this action.  28

4  U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $ 8.52 will be assessed by this

5  order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

6  collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

7  Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

8  preceding month's income credited to plaintiff's prison trust account.  These payments will be

9  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

10  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

11       The court is required to screen complaints brought by prisoners seeking relief

12  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

13  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

14  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

15  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

16  U.S.C. § 1915A(b)(1),(2).

17       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

18  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

19  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

20  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

21  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

22  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

23  Cir. 1989); Franklin, 745 F.2d at 1227.

24  /////

25  ───────────────

26  [1] Although the filing fee at this time is $350.00, when this complaint was filed, on March 6, 2006, the filing fee was $250.00.

1    A complaint, or portion thereof, should only be dismissed for failure to state a

2  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

3  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

4  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

5  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

6  a complaint under this standard, the court must accept as true the allegations of the complaint in

7  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

8  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

9  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10    The complaint states a colorable claim for relief against defendants Correctional

11  Officer (C/O) Baker and C/O Kissinger pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

12    As to defendant Runnels, although plaintiff makes wide-ranging claims of

13  conspiracy, discrimination, harassment and retaliation against this individual, his claims are

14  predicated on Acting Warden Runnel's putative failure to answer plaintiff's 602 inmate appeals.

15  Prisoners do not have a "separate constitutional entitlement to a specific prison grievance

16  procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855

17  F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the failure of prison officials to

18  properly implement, an administrative appeals process within the prison system does not raise

19  constitutional concerns.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  See also, Buckley

20  v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).  Azeez

21  v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a

22  procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does

23  not give rise to a protected liberty interest requiring the procedural protections envisioned by the

24  fourteenth amendment").  Specifically, a failure to process a grievance does not state a

25  constitutional violation.  Buckley, supra.  State regulations give rise to a liberty interest protected

26  by the Due Process Clause of the federal constitution only if those regulations pertain to

1    "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation

2    to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293,

3    2300 (1995).[2]  Plaintiff's due process claims against defendant Runnels will be dismissed;

4    plaintiff will be granted leave to amend.

5         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

6    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

7    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

8    how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

9    there is some affirmative link or connection between a defendant's actions and the claimed

10   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

11   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

12   allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

13   of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

14        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

15   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

16   amended complaint be complete in itself without reference to any prior pleading.  This is

17   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

18   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

19   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

20   /////

21

22        [2]  "[W]e recognize that States may under certain circumstances create liberty interests
     which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S.
23   369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to
     freedom from restraint which, while not exceeding the sentence in such an unexpected manner as
24   to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones,
     445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494
25   U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic
     drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the
26   ordinary incidents of prison life." Sandin v. Conner, supra.

1  original complaint, each claim and the involvement of each defendant must be sufficiently

2  alleged.

3           Accordingly, IT IS HEREBY ORDERED that:

4           1.  The Findings and Recommendations, filed on June 30, 2006, are hereby

5  VACATED;

6           2.  Plaintiff's request to proceed in forma pauperis is granted;

7           3.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

8  Plaintiff is assessed an initial partial filing fee of $ 8.52.  All fees shall be collected and paid in

9  accordance with this court's order to the Director of the California Department of Corrections

10  and Rehabilitation filed concurrently herewith.

11           4.  Plaintiff's claims against defendant Runnels are dismissed for the reasons

12  discussed above, with leave to file an amended complaint within thirty days from the date of

13  service of this Order.  Failure to file an amended complaint will result in a recommendation that

14  these defendants be dismissed from this action.

15           5.  Upon filing an amended complaint or expiration of the time allowed therefor,

16  the court will make further orders for service of process upon some or all of the defendants.

17  DATED: 10/23/06

                                                    /s/ Gregory G. Hollows

18                                                  _____

19                                                  GREGORY G. HOLLOWS
                                                    UNITED STATES MAGISTRATE JUDGE

20

21  GGH:009
    hard0451.b1

22

23

24

25

26