IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SONNY RAY HARDAWAY,

    Plaintiff,　　　　　　　　　　No. CIV S-06-00451 ALA P

  vs.

D.L. RUNNELS, et al.,

    Defendants.　　　　　　　　　ORDER DISMISSING ACTION WITHOUT PREJUDICE

                                          ORDER THAT THIS DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G)

_____/

    Plaintiff Sonny Ray Hardaway, a state prisoner, is proceeding *pro se* and *in forma pauperis* with this 42 U.S.C. § 1983 action. Defendants Baker and Kissinger filed a motion to dismiss on the ground that, pursuant to 28 U.S.C. § 1915(g), Mr. Hardaway is barred from proceeding *in forma pauperis* because he has had at least three prior actions dismissed as frivolous or for failure to state a claim. Defendants also filed a request for judicial notice of nineteen other cases in which Mr. Hardaway was the plaintiff. Mr. Hardaway filed an opposition to Defendants' motion.

I

    28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

1

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Mr. Hardaway, as a prisoner, has had thirteen prior actions dismissed as frivolous or for failure to state a claim upon which relief may be granted. Two of these cases were counted as strikes pursuant to 28 U.S.C. § 1915(g). These thirteen cases include:[1]

- *Hardaway v. Olsen*, 1:06-cv-01406-LJO-NEW PC (E.D. Cal.) (dismissed June 26, 2007, ordering that the dismissal be counted as a strike pursuant to 28 U.S.C. § 1915(g));

- *Hardaway v. Access Securepak, et al.*, 1:07-cv-00254-OWW-SMS PC (E.D. Cal.) (dismissed June 20, 2007, ordering that the dismissal be counted as a strike pursuant to 28 U.S.C. § 1915(g));

- *Hardaway v. Lambden, et al.*, C 06-6578 JF (N.D. Cal.) (dismissed January 12, 2007);

- *Hardaway v. Barni, et al.*, C 06-3637 JF (N.D. Cal.) (dismissed December 11, 2006);

- *Hardaway v. Twelve Jurors*, C 06-2983 JF (N.D. Cal.) (dismissed August 31, 2006);

- *Hardaway v. State of California*, 2:01-cv-00695-MCE-PAN PC (E.D. Cal.) (dismissed August 9, 2006);

- *Hardaway v. Wright*, 2:01-cv-00958-GEB-DAD PC (E.D. Cal.) (dismissed July 22, 2006);

- *Hardaway v. Money*, 2:01-cv-00458-FCD-DAD PC (E.D. Cal.) (dismissed July 12, 2006);

- *Hardaway v. Oakland Tribune, et al.*, C 05-0729 JF (N.D. Cal.) (dismissed April 27,

---

[1] This Court takes judicial notices of these cases. *See* F. Rule Evid. 210(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *see also Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (citations omitted); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings.").

1 | 2005; also denying leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g));

2 | • *Hardaway v. Beaupre, et al.*, C 00-4603 CAL (N.D. Cal.) (dismissed March 7, 2001);

3 | • *Hardaway v. Vens*, C 00-3653 CAL (N.D. Cal.) (dismissed November 28, 2000);

4 | • *Hardaway v. Madigan*, C 98-1989 FMS (N.D. Cal.) (dismissed May 19, 1998);

5 | • *Hardaway v. Prenate, et al.*, C 97-0451 FMS (N.D. Cal.) (dismissed February 7, 1997).

Mr. Hardaway also had one prior case dismissed pursuant to § 1915(g). *See Hardaway v. Lewis*, 1:07-cv-00792-OWW-SMS PC (E.D. Cal.) (finding that Mr. Hardaway was ineligible to proceed *in forma pauperis* under § 1915(g) and dismissing the action on August 14, 2007).

Because Mr. Hardaway has had, on more than three prior occasions, civil actions that were dismissed as frivolous or for failure to state a claim, he is not entitled to proceed *in forma pauperis* unless he alleges facts indicating that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). In the complaint here, Mr. Hardaway alleges that Correctional Officers Baker and Kissinger violated his state and federal constitutional rights when they illegally searched his cell, read his mail, and took personal property, including photographs and food. These allegations do not indicate an imminent threat of serious physical injury. Thus, Mr. Hardaway is subject to § 1915(g) and is not entitled to proceed *in forma pauperis* in this action. Because Mr. Hardaway is ineligible to proceed, his case is dismissed without prejudice pursuant to § 1915(g). *See Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997) (affirming dismissal of prisoner's § 1983 action without prejudice following denial of the *in forma pauperis* privilege under § 1915(g)).

/////
/////
/////
/////
/////
/////

1 | Accordingly, IT IS HEREBY ORDERED that:

2 | 1. Pursuant to 28 U.S.C. § 1915(g), Mr. Hardaway is not entitled to proceed *in forma pauperis* in this action;

2. This action is DISMISSED, without prejudice; and

3. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

/////

DATED: November 8, 2007

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation